FILED
United States Court of Appeals
Tenth Circuit

December 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

NATHANIEL SOLON,

Defendant–Appellant.

No. 13-8058
(D.C. Nos. 2:11-CV-00303-CAB &
2:07-CR-00032-CAB-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BACHARACH**, Circuit Judge.

Nathaniel Solon, appearing pro se, seeks a certificate of appealability ("COA") to appeal the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We deny a COA and dismiss the appeal.

**I**

A jury convicted Solon of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). He was sentenced to

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seventy-two months' imprisonment and five years of supervised release. On direct appeal, this court affirmed Solon's conviction. See United States v. Solon, 596 F.3d 1206 (10th Cir. 2010). The district court denied Solon's post-conviction motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Solon now seeks a COA to challenge that denial.[1]

## II

Solon argues that his appellate counsel provided ineffective assistance on direct appeal because she failed to assert claims based on: (1) insufficiency of the evidence; (2) the government's failure to seize his entire computer system instead of only the hard drive; and (3) bias that permeated his jury trial and the other judicial proceedings in the district court. To obtain a COA to pursue these claims, Solon must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"The proper standard for assessing a claim of ineffectiveness of appellate counsel is that set forth in Strickland v. Washington, 466 U.S. 668 . . . (1984)."

---

[1] In his opening brief, Solon states that he was released from federal prison in January 2013 and is currently on supervised release. Because he is subject to the restraints of supervised release, Solon remains "in custody" for purposes of 28 U.S.C. § 2255(a). See United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004).

Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). "[T]he petitioner must show both (1) constitutionally deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error(s), the result of the [appeal] . . . would have been different." Id. As the Supreme Court explained in Strickland, however, it is not necessary "to address both components of the [ineffectiveness] inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697.

## A

Solon has failed to show that he was prejudiced by his appellate counsel's failure to assert an insufficient evidence claim. In Solon's direct appeal, both opinions commented upon the strength of the government's case against Solon. See Solon, 596 F.3d at 1213 ("[T]he government's case was strong."); id. at 1216 (Lucero, J., concurring in part and dissenting in part) ("There is no denying that the government's case was strong."). The majority, moreover, concluded that Solon did not establish "a reasonable probability that . . . the jury would not have convicted him" but for an error that is not presently at issue. Id. at 1213. Solon has not overcome the strength of the government's case to demonstrate a reasonable probability that, had his counsel argued there was insufficient evidence to prove his guilt, the result of his appeal would have been different.

**B**

Solon also claims that his appellate counsel was ineffective because she failed to challenge the fact that the government seized only the hard drive from his home computer instead of the entire computer system. Solon essentially contends that the government's failure to seize the entire computer system resulted in the loss of evidence that was potentially exculpatory and therefore violated his due process rights as articulated by the Supreme Court in California v. Trombetta, 467 U.S. 479 (1984) and Arizona v. Youngblood, 488 U.S. 51 (1988).

However, Solon has not established a reasonable probability that he would have succeeded on a due process claim under Trombetta or Youngblood if his appellate counsel had asserted such a claim on direct appeal. Solon's trial counsel filed a motion to dismiss the charges against him based on a similar theory. The district court denied the motion, concluding that Solon had "fail[ed] to point to any evidence that the government destroyed." Moreover, during the hearing before the district court, Solon's trial counsel "admitted that he could not actually state that there had been any destruction of evidence." Solon also fails to point to any specific components of his computer system that the government destroyed or lost, or to allege that he was wrongfully denied access to any of the computer components necessary for examinations or testing. Nor does he allege any deficiencies or problems with regard to the protocol that the district court set up for obtaining access

to the computer components.  Thus, Solon fails to establish prejudice as a result of the alleged ineffective assistance.

## C

Finally, Solon claims that his appellate counsel was ineffective because she failed to argue that his trial and the other judicial proceedings before the district court were permeated with bias.  He alleges that this bias violated his constitutional rights to due process, an impartial jury, and a fair trial.  Solon is apparently complaining that the district judge was biased against him because the judge believed that anything on Solon's computer must have been put there by Solon.  He also complains that the court expressed disbelief as to his theory that files could be placed on a computer remotely, without the owner's knowledge.  Although Solon has pointed to doubts by the district court judge about the validity of his defense theories in certain pretrial proceedings, he has not pointed to any such statements by the judge during his jury trial.  Moreover, Solon abandoned any claims related to the district judge's absence from the courtroom during closing arguments or the judge's treatment of his expert witness.  See Solon, 596 F.3d at 1211-13 (describing and ruling upon the relevant events).  Accordingly, Solon has not established prejudice.

## III

Because Solon has not satisfied the Strickland standard on any of the grounds he raises, reasonable jurists would not disagree with the district court's resolution of

his claims.  See Miller-El, 537 U.S. at 327.  We therefore **DENY** a COA and

**DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge