**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NATHANIEL SOLON,

    Defendant - Appellant.

No. 20-8024
(D.C. No. 2:07-CR-00032-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Nathaniel Solon, appearing *pro se*, appeals the district court's denial of his

petition for a writ of coram nobis.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

## I.  **BACKGROUND**

A federal grand jury indicted Mr. Solon on counts of (1) possessing and

(2) attempting to receive child pornography.  His primary defense, developed through

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

a computer forensics expert, was that "there was no evidence that the images of child pornography on [his] computer were ever opened, viewed, or saved to another location." *United States v. Solon*, 596 F.3d 1206, 1209 (10th Cir. 2010). He therefore proposed that "a virus may have compromised the system and allowed access to the computer by outside sources." *Id*. The jury nonetheless convicted on both counts, and Mr. Solon received a 72-month sentence. *Id*. at 1208. We affirmed. *Id*.

Mr. Solon then filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He argued, among other things, that his appellate counsel had provided ineffective assistance on direct appeal by failing to assert an insufficient-evidence claim. *See United States v. Solon*, 548 F. App'x 520, 522 (10th Cir. 2013). The district court denied the motion, and we refused to issue a certificate of appealability. *Id*. at 523.

Mr. Solon was released from prison in January 2013 and completed his supervised release term in December 2018.

In June 2019, Mr. Solon petitioned the district court for a writ of coram nobis. He argued that the evidence introduced at trial confirmed his theory that malware must have placed the child pornography on his computer. The district court denied the petition, reasoning that it and this court had already rejected his insufficiency claim, and that he presented no new evidence of his alleged innocence. Mr. Solon timely appealed.

## II. **DISCUSSION**

"[W]here a federal convict cannot bring a § 2255 petition because he or she is no longer in federal custody," federal courts may still grant coram nobis relief "in extraordinary cases presenting circumstances compelling its use to achieve justice." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (internal quotation marks omitted). But the court may not grant relief on grounds the petitioner "raised or could have . . . raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence." *United States v. Miles*, 923 F.3d 798, 804 (10th Cir.), *cert. denied*, 140 S. Ct. 470 (2019). If a petitioner claims actual innocence, he or she must demonstrate "it is more likely than not that no reasonable juror would have convicted" in light of new evidence, meaning "relevant evidence that was either excluded or unavailable at trial." *Id*. (internal quotation marks omitted).

When reviewing a district court's denial of a coram nobis petition, we review questions of law de novo, but review the district court's decision to deny the writ for an abuse of discretion. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

On appeal, Mr. Solon argues again for his interpretation of the evidence. He fails to address the district court's reasons for denying relief, or otherwise to demonstrate that the district court erred. Having reviewed the record and the relevant authorities, we agree that Mr. Solon is not entitled to coram nobis relief for substantially the same reasons stated by the district court.

## III. CONCLUSION

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge